MICHAEL HUMPHREY *vs.* THOMAS H. HASKELL.

If a broker who will be entitled to commissions upon the sale of property promises to divide them with a purchaser, in order to induce the latter to buy the property, he is liable upon his promise, upon the completion of the sale, although the purchaser had determined in his own mind to make the purchase, if necessary, without such promise.

CONTRACT against a broker, to recover one half of the amount of commissions received upon the sale of a ship.

At the trial in the superior court, before *Vose*, J., it appeared that the defendant was employed as a broker by the owners of the ship, and received the usual commission upon the completion of the sale; and that negotiations were pending for some time, until at last the owners gave to the plaintiff the refusal of her for a short time at a certain price, whereupon he went to the defendant and informed him of the condition of the negotiation, and stated that he should not make the purchase unless the defendant would agree to divide his commissions, which the defendant agreed to do, and the purchase was thereupon completed. The defendant requested the judge to instruct the jury that if the plaintiff had already determined in his own mind to make the purchase at the price named, before the alleged agreement of the defendant, the agreement was without consideration. The judge declined to give this instruction, and instructed them that if the defendant, before the sale was effected, made the promise alleged, and the plaintiff purchased the ship with such understanding and agreement, he was entitled to recover, although at the time the agreement was made he had determined in his own mind to purchase the ship at the price named

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. Snow*, for the defendant.

*H. A. Scudder*, for the plaintiff.

METCALF, J. There is no legal ground on which these exceptions can be sustained. The instruction to the jury, for which the defendant asked, was rightly refused, and that which was given to them was correct.

We suppose there was some evidence at the trial — though none appears in the bill of exceptions — as to the determination of the plaintiff to buy the ship, before the defendant made the agreement with him on which the action is brought. Otherwise, the court needed not to instruct the jury concerning the effect of such a determination. However this may have been, the law was rightly stated to the jury, that the plaintiff was entitled to recover, on proof of the alleged agreement, if he bought the ship " with such understanding and agreement," though when the agreement was made he had already determined to buy the ship at the price at which it had been offered to him. This case stands on the same ground as would that of the buyer of a certain chattel, for which he had " determined in his own mind" to pay fifty dollars, if he could not obtain it for a less sum, who should offer a less sum to the owner, and tell him that he would give no more, and the owner should accept his offer. If the owner should refuse to deliver the chattel to the buyer, and should be sued by him for breach of contract, there can be no pretence that he could successfully defend by showing the buyer's original determination to pay fifty dollars, if necessary, to obtain the chattel. Various declarations are made by buyer and seller, during a negotiation, which may be ethically wrong, but of which the law takes no cognizance, for the reason that it is the common understanding of mankind that they are to be disregarded by those to whom they are made. See *Vernon v. Keys*, 12 East, 637, 638.     *Exceptions overruled.*